## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IVAN CORONA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action File No.:** 1:22-CV-0171-MLB |
| | ) | |
| **QUIKTRIP CORPORATION,** | ) | |
| **ABC CORP.,** | ) | |
| **and JOHN DOES 1-5,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW, Ivan Corona ("Plaintiff"), and files this Complaint for damages against Quiktrip Corporation, Northeast Plaza Outparcel Owner LLC, Tony Harvey (hereinafter collectively referred to as "Defendants"), ABC Corp. and John Does 1-5 and shows this Court the following facts and circumstances in support of this Complaint:

## I. PARTIES & JURISDICTION

### 1.

The Defendant, Quiktrip Corporation (hereinafter referred to as "Defendant Quiktrip"), is subject to the jurisdiction of this Court and, pursuant to O.C.G.A. §9-

11-4(e)(1), can be served with a Summons and Complaint for Personal Injuries by delivery of the same to its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

2.

Defendant, ABC Corp., is unidentified and unknown at this time.

3.

Defendants, John Doe 1-5, are unidentified and unknown at this time.

4.

Jurisdiction and Venue are appropriate in this Court.

## II. RENEWAL ACTION LEGITIMACY

5.

This is a valid renewal complaint under O.C.G.A. § 9-2-61.

6.

Plaintiff asks this Court to take judicial notice of everything in the Court file on USDC case No. 1:21-cv-01467-CC. It is appropriate for the Court to take judicial notice of all the facts in the original action to determine if renewal is appropriate. *Belcher v. Folsom*, 258 Ga. App. 191, 573 S.E.2d (2002).

7.

This action is based upon substantially the same cause of action and allegations as those contained in the Complaint that was filed in the DeKalb County State Court and assigned Civil Action No. 21A01250, then subsequently removed to this Court and assigned Civil Docket No. 1:21-cv-01467-CC. The previous case was dismissed without prejudice by the Court and was not decided on the merits so as to bar a renewal action.

8.

The Order of dismissal without prejudice of the prior action was entered on July 29, 2021.

9.

All costs have been paid and this action is being renewed within six months.

10.

Before Plaintiff filed this renewal action, the Complaint that was filed in the DeKalb County State Court and assigned Civil Action No. 21A01250, subsequently removed to this Court and assigned Civil Docket No. 1:21-cv-01467-CC was the first and only other action concerning the causes of action at issue in this renewal action; there have not been any other actions concerning the subject causes of action. Other than the dismissed action filed in DeKalb County State Court and assigned

Civil Action No. 21A01250, subsequently removed to this Court and assigned Civil Docket No. 1:21-cv-01467-CC, this is the only action Plaintiff has commenced against the parties in this Complaint, and there have not been any other cases filed. There have not been any other attempts at renewal.

11.

The dismissed action filed in DeKalb County State Court and assigned Civil Action No. 21A01250, subsequently removed to this Court and assigned Civil Docket No. 1:21-cv-01467-CC was not a void suit or a voidable suit. Plaintiff filed the action in DeKalb County State Court on March 15, 2021, and timely served the action against all corporate Defendants, within the applicable statute of limitations. The additional corporate defendant and the individual (not served) named as defendants in the original were dismissed prior to the Order dismissing this case on July 29, 2021 and are not included in the renewal suit.

### III. <u>BACKGROUND</u>

12.

At all times relevant, Defendant QuikTrip owned and operated a QuikTrip gas station located at 3249 Buford Highway NE, Atlanta, DeKalb County, Georgia 30329 (hereinafter the "Gas Station").

13.

On May 1, 2020, Plaintiff was an invitee at the Gas Station. While at the Gas Station as an invitee, Plaintiff slipped and fell on a spilled substance on the floor, which had spilled in the presence of Gas Station employees.

14.

Under Georgia law, "where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. §51-3-1.

15.

Defendant had a non-delegable duty to maintain safe premises to the Plaintiff and breached this duty.

## IV. NEGLIGENCE

16.

Defendant QuikTrip had actual and/or constructive knowledge of the hazardous condition of the floor around where the Plaintiff fell.

17.

There were no cones or other warnings in the immediate area at the time of the fall.

18.

Defendant QuikTrip was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep premises safe for invitees.

19.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant QuikTrip and were acting within the scope of their employment.

20.

Defendant is responsible for the negligent conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

21.

Defendant QuikTrip was negligent in failing to adopt appropriate policies and procedures to make sure that regular inspections, cleaning, maintenance were performed on the premises, and in failing to train employees concerning safety

procedures for inspection, cleaning and maintaining the premises.

22.

Defendant QuikTrip was negligent in training and supervising staff.

23.

Plaintiff lacked knowledge of the hazard despite his exercise of ordinary care.

24.

Defendant QuikTrip had superior knowledge of the hazardous condition in the Gas Station on the date in question.

## V.  DAMAGES

25.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, and negligence *per se* of the Defendant, Plaintiff Ivan Corona has:

(a)    suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life;

(b)    has and will be required to undergo medical treatment and to incur medical costs and expenses in excess of $174,446.89 to alleviate said injuries, pain, and suffering, as follows:

| Providers | Bills |
|---|---|
| Emory University Hospital | $2,684.69 |
| American Medical Response | $1,605.00 |
| Emory Care Foundation | $1,129.00 |
| Barbour Orthopedics | $500.00 |
| OrthoArizona | $946.00 |
| SimonMed Imaging | $350.00 |
| Injury Specialists | $161,172.00 |

(c)     has and will be precluded from engaging in normal activities and pursuits, including a loss of the ability to earn money;

(d)     otherwise was hurt, injured, and caused to sustain losses;

(e)     all of the Plaintiffs' losses were, are, and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

26.

Defendants are indebted to Plaintiff for past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff respectfully demands trial by a fair and impartial jury on all issues and for the following:

(a)   That Defendants be found liable for recklessness, carelessness, negligence, and negligence *per se;*

(b)   That Plaintiff be awarded an amount for special damages for said recklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuant to O.C.G.A. §51-12-1 *et seq*;

(c)   The Plaintiff be awarded an amount for general damages to be proven at trial for saidrecklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuantto O.C.G.A. § 51-12-1 *et seq;*

(d)   That Plaintiff be granted a trial by jury; and

(e)   That Plaintiff be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable.

This the 14th day of January, 2022.

Respectfully submitted,

**s/ Joseph D. Perrotta, Esq.**
Georgia Bar No.: 572499
*Attorney for Plaintiff*
Monge & Associates
8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
Telephone: (770) 741-0574
joe@monge.lawyer